UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 4:13CR192 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| DARNELL DeFRANCE, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 155 and 159) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion, along with a supplemental motion, filed by Defendant, Darnell DeFrance, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014). Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels. *See* U.S. Sentencing Guidelines Manual, App. C. The Government does not oppose the motions; however, for the reasons stated herein, the motions are DENIED.

I. **FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, in 2012 through January of 2013, law enforcement officers were working undercover in Warren, Ohio, posing as drug dealers for the purpose of purchasing contraband. On 10 separate occasions, over a period of five months, Defendant sold 242.30 grams of cocaine base (crack) to the undercover officers.

1

The Defendant was subsequently indicted on April 10, 2013 and plead guilty to one count of conspiracy to possess with the intent to distribute cocaine base pursuant to 21 U.S.C. §§841(a)(1) and (b)(1)(A). This Court then sentenced him to a term of 57 months, to be followed by a term of four years of supervised release. This sentence was within the guideline range of 57 to 71 months of incarceration, at a total offense level of 25 and a Criminal History Category designation of I.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II. LAW AND ANALYSIS

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

2

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an

3

appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

### B. Defendant's Motion for Sentence Reduction

Under the first step of the analysis, the Defendant would otherwise be eligible for a sentence reduction under §1B1.10. Under the 2014 amendment to the Sentencing Guidelines, the Defendant would be eligible for a reduced sentencing guideline range of 46 to 57 months, as reflected by a total offense level 23 and a Criminal History Category designation of I. However, after reviewing the nature and circumstances of the offense and considering the other statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

The Defendant was engaged in an extensive drug-dealing conspiracy in Warren, Ohio, a city racked with drugs and resulting gun violence. He was a known drug trafficker in the community and even involved the mother of his three young children in selling cocaine base. In fact, the Defendant manipulated his girlfriend to engage in the conspiracy, such that she too was indicted and subsequently plead guilty to one count of conspiracy to possess with intent to distribute cocaine base.

The Court acknowledges that the Defendant has a limited criminal history. As such, the Defendant benefited from a safety valve and has already received a two-level reduction. The Court is troubled by the Defendant's willingness to involve and manipulate others, including the mother of his children, into a significant and extensive drug-dealing scheme. In addition, with very little prior employment experience, the Court is concerned that the Defendant may resurrect his more lucrative drug dealing past, without a sentence that will adequately deter future criminal conduct.

Considering the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct.  18 U.S.C. §3553(a).  The Court's current sentence of 57 months appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782.  *Id*. The Court also notes that the current sentence remains within the reduced guideline range suggested in the Defendant's motion.

### III.     CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time.  The Defendant's motions are hereby DENIED.

IT IS SO ORDERED.

July 24, 2015                                           */s/ John R. Adams*
Date                                                          Judge John R. Adams
                                                                 United States District Court